# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KENNETH COLE,**
**Claimant Below, Petitioner**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-299**        (JCN: 2019000028)

**CAM MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth Cole appeals the November 9, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent CAM Mining, LLC ("CAM") filed a timely response.[1] Mr. Cole filed a timely reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order granting Mr. Cole a 3% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cole, while employed by CAM, suffered a heat stroke and an alleged hip injury when he became overheated while operating equipment on February 20, 2018. Mr. Cole was admitted to the hospital the same day and was discharged two days later on February 22, 2018. Mr. Cole was diagnosed with heat exhaustion, right hip pain, and nausea.

On February 27, 2018, Mr. Cole was seen by Laura Ashby-Jones, D.O. Dr. Ashby-Jones diagnosed Mr. Cole with heat exhaustion, heat syncope, heat stroke, confusion, unspecified intellectual disabilities, headache, dizziness, nausea, orthostatic hypotension, muscle weakness, and right hip pain. Ashby-Jones also wrote Mr. Cole a work excuse pending a neurological evaluation scheduled for March 1, 2018.

Mr. Cole was examined by Sujata R. Gutti, M.D., a neurologist, on March 1, 2018. Mr. Cole reported that since his injury he had been confused, forgetful, dizzy, unable to

---

[1] Mr. Cole is represented by Samuel F. Hanna, Esq. CAM is represented by Sean Harter, Esq.

concentrate, and unable to keep his balance. Dr. Gutti diagnosed Mr. Cole with acute confusion state at work following exposure to heat suggestive of heat stroke, heat exhaustion, and dizziness. Dr. Gutti recommended an MRI of Mr. Cole's brain and an EEG.

On May 24, 2018, Mr. Cole underwent an independent medical examination ("IME") performed by Marsha Bailey, M.D. Mr. Cole reported that he had suffered headaches, dizziness, and short-term memory loss. Dr. Bailey diagnosed Mr. Cole with heat exhaustion but opined that he had not suffered heat stroke. Dr. Bailey opined that Mr. Cole had reached maximum medical improvement ("MMI") and she found no whole person impairment ("WPI") related to Mr. Cole's compensable injury.[2]

Mr. Cole followed up with Dr. Gutti on June 27, 2018. Mr. Cole reported that he was doing much better, and his headaches and dizziness had improved. Dr. Gutti indicated that Mr. Cole was released to return to work with no restrictions.

On August 13, 2019, Mr. Cole was seen by Anteneh M. Feyissa, M.D. at the Mayo Clinic in Jacksonville, Florida. Mr. Cole reported that he suffered from daily headaches, dizziness, weakness, cramps, droopiness in the left eye, memory loss, and mood swings/depression. Dr. Feyissa diagnosed Mr. Cole with heat stroke with continued somatic symptoms including confusion, memory loss, headache, dizziness, weakness, and fatigue. Dr. Feyissa recommended a brain MRI, an awake and asleep EEG, blood testing, and referral to a psychologist or psychiatrist.

Mr. Cole underwent an IME performed by Syam Stoll, M.D., on March 24, 2021. Mr. Cole reported that he suffered from chronic headaches, heat intolerance, and memory loss. Dr. Stoll opined that Mr. Cole was at MMI. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Stoll determined that Mr. Cole had a 3% whole person impairment ("WPI") related to the compensable injury pursuant to page 9 of the *Guides*.

On May 25, 2021, the claim administrator issued an order granting Mr. Cole a 3% PPD award based on Dr. Stoll's report. Mr. Cole protested this order.

Mr. Cole was seen by Bruce Guberman, M.D., for an IME on October 28, 2021. Mr. Cole reported that he suffered from chronic headaches, weakness, dizziness, lightheadedness, disorientation, intermittent balance problems, fatigue, heat sensitivity, sleeping problem, drooping of his left eye, and issues with memory, concentration, and understanding. Using the *Guides*, Dr. Guberman found that Mr. Cole had a 3% impairment for chronic headaches requiring ongoing medication, a 3% impairment for disequilibrium,

_____

[2] It appears that at some point the claim administrator held this claim compensable for heat stroke; however, that order was not included in the record.

2

and a 7% impairment for loss of concentration and memory. Dr. Guberman combined these values to find a 13% WPI related to Mr. Cole's compensable injury.

On February 10, 2022, Mr. Cole underwent an IME performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala diagnosed Mr. Cole with heat stroke. Dr. Mukkamala opined that Mr. Cole was at MMI and had 0% impairment related to his compensable injury.

The Board issued an order dated November 9, 2022, affirming the claim administrator's order dated May 25, 2021, which granted Mr. Cole a 3% PPD award. The Board found that Mr. Cole had not established that he suffered a greater than 3% impairment. Mr. Cole now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Cole argues that the Board erred in finding that the report of Dr. Guberman was not reliable or persuasive because Dr. Guberman found impairment for headaches, disequilibrium, and difficulties with concentration and memory, which were found by other physicians. Mr. Cole argues that although the other physicians did not offer impairment ratings for those conditions, they were reported by other physicians.

We disagree. The Board found that Dr. Guberman's report was an outlier and was not reliable or persuasive because his impairment rating was significantly higher than the other physicians' reports and he found impairment for conditions not rated by other physicians. The Board further found that the reports of Drs. Stoll, Mukkamala, and Bailey

3

were equally reliable and persuasive, thus, the Board adopted the findings of Dr. Stoll as they were the most consistent with Mr. Cole's position as required by West Virginia Code § 23-4-1g (2003).

West Virginia Code § 23-4-1g(a) provides:

For all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

After review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was not reliable due to the significant differences in findings of impairment when compared to the reports of all other physicians. Further, the Board was not clearly wrong in adopting the findings of Dr. Stoll.

Finding no error in the Board's November 9, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4